GILBERT, KELLY, CROWLEY & JENNETT LLP
TIMOTHY W. KENNA, P.C., Bar No. 64280
1055 West Seventh Street, Suite 2000
Los Angeles, California 90017-2577
Telephone: (213) 580-7000
Facsimile: (213) 580-7100

Attorneys for Defendants
ENVIRONMENTAL CHEMICAL CORPORATION, dba
ECC REMEDIATION SERVICES, ECC
INTERNATIONAL, collectively also known as "ECC"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO BRANCH

| | |
|---|---|
| RITA DUNHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENVIRONMENTAL CHEMICAL CORPORATION, ECC, ECC INTERNATIONAL, AND ECC REMEDIATION SERVICES (collectively referred to as "ECC") and DOES 1 - 20,<br><br>　　　　Defendants. | Case No. **C 06-03389 JSW**<br><br>**ANSWER TO COMPLAINT** |

　　COMES NOW, defendants ENVIRONMENTAL CHEMICAL CORPORATION dba ECC REMEDIATION SERVICES, ECC INTERNATIONAL, collectively also known as "ECC" (hereinafter referred to collectively as "ECC") and answering the complaint of RITA DUNHAM for themselves alone, respond as follows:

　　1.　　Defendants ECC admit the allegations contained in paragraph 1 of plaintiff's complaint.

　　2.　　Defendants ECC admit the allegations contained in paragraph 2 of plaintiff's complaint.

　　3.　　Defendants ECC deny the allegations contained in paragraph 3 of plaintiff's complaint.

4. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint and on that basis deny each and every allegation contained therein.

5. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first two (2) sentences of paragraph 5 of plaintiff's complaint and on that basis deny each and every allegation contained therein. Defendants ECC admit the allegations contained in the third sentence of paragraph 5 of plaintiff's complaint. Defendants ECC admit that plaintiff became employed with ECC; however, denies the allegation of the fourth sentence of paragraph 5 of plaintiff's complaint which alleges that plaintiff was employed through defendants ECC's Burlingame Office.

6. Defendants ECC admit the first sentence of paragraph 6 of plaintiff's complaint. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the balance of paragraph 6 of plaintiff's complaint and on that basis deny each and every allegation contained therein.

7. Defendants ECC deny the allegations of paragraph 7 of plaintiff's complaint.

8. Defendants ECC deny the allegations of paragraph 8 of plaintiff's complaint.

9. Defendants ECC deny the allegations of paragraph 9 of plaintiff's complaint.

10. Defendants ECC deny the allegations of paragraph 10 of plaintiff's complaint.

11. Defendants ECC deny the allegations of paragraph 11 of plaintiff's complaint.

12. Defendants ECC deny the allegations of paragraph 12 of plaintiff's complaint.

13. Defendants ECC deny the allegations contained in the first sentence of paragraph 13 of plaintiff's complaint. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in sentences two, three, four, five and six of paragraph 13 of plaintiff's complaint. Defendants ECC deny the allegations contained in the seventh and eighth sentences of paragraph 13 of plaintiff's complaint. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the ninth and tenth sentences of paragraph 13 of plaintiff's complaint. Defendants deny the allegations of the eleventh sentence of paragraph 13 of plaintiff's complaint.

1  14. Defendants ECC deny the allegations contained in the first, fifth, sixth, seventh and eighth sentences of paragraph 14 of plaintiff's complaint. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second, third, and fourth sentences of paragraph 14 of plaintiff's complaint and on that basis deny each and every allegation contained therein.

15. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, second and third sentences of paragraph 15 of plaintiff's complaint and on that basis deny each and every allegation contained therein. Defendants ECC deny the allegations of the fourth sentence of paragraph 15 of plaintiff's complaint.

16. Defendants ECC admit the allegations of the first sentence of paragraph 16 of plaintiff's complaint, but qualify that McFerrin told plaintiff on April 5, 2005, not April 7, 2005, that he would be conducting an investigation. Defendants deny the allegations contained in the second sentence of paragraph 16 of plaintiff's complaint. Defendants ECC deny the allegations contained in the third sentence of paragraph 16 of plaintiff's complaint. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the balance of paragraph 15 of plaintiff's complaint and on that basis deny each and every allegation contained therein.

17. Defendants ECC deny the allegations of paragraph 17 of the plaintiff's complaint.

18. Defendants ECC deny the allegations of paragraph 18 of the plaintiff's complaint.

19. Defendants ECC deny the allegations of paragraph 19 of the plaintiff's complaint.

20. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the plaintiff's complaint and on that basis deny each and every allegation contained therein.

21. Defendants ECC deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. Defendants ECC admit the allegations contained in paragraph 22 of the plaintiff's complaint.

23. Defendants ECC deny the allegations contained in paragraph 23 of plaintiff's complaint.

24. Defendants ECC admit that plaintiff is a female and as such a member of a protected class; however, deny the balance of the allegations contained in paragraph 24 of plaintiff's complaint.

25. Defendants ECC deny the allegations contained in paragraph 25 of plaintiff's complaint.

26. Defendants ECC deny the allegations contained in paragraph 26 of plaintiff's complaint.

27. Defendants ECC deny the allegations contained in paragraph 27 of plaintiff's complaint.

28. Defendants ECC deny the allegations contained in paragraph 28 of plaintiff's complaint.

29. Defendants ECC deny the allegations contained in paragraph 29 of plaintiff's complaint.

30. Defendants ECC deny the allegations contained in paragraph 30 of plaintiff's complaint.

31. Defendants ECC deny the allegations contained in paragraph 31 of plaintiff's complaint.

32. Defendants ECC deny the allegations contained in paragraph 32 of plaintiff's complaint.

33. Defendants ECC deny the allegations contained in paragraph 33 of plaintiff's complaint.

34. Defendants ECC deny the allegations contained in paragraph 34 of plaintiff's complaint.

35. Defendants ECC deny the allegations contained in paragraph 35 of plaintiff's complaint.

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

1322360.1 33070-00022

36. Defendants ECC deny the allegations contained in paragraph 36 of plaintiff's complaint.

37. Defendants ECC deny the allegations contained in paragraph 37 of plaintiff's complaint.

38. Defendants ECC admit that plaintiff was an employee of ECC; however deny the balance of the allegations contained in paragraph 38 of plaintiff's complaint.

39. Defendants ECC deny the allegations contained in paragraph 39 of plaintiff's complaint.

40. Defendants ECC deny the allegations contained in paragraph 40 of plaintiff's complaint.

41. Defendants ECC deny the allegations contained in paragraph 41 of plaintiff's complaint.

42. Defendants ECC deny the allegations contained in paragraph 42 of plaintiff's complaint.

43. Defendants ECC deny the allegations contained in paragraph 43 of plaintiff's complaint.

44. Defendants ECC deny the allegations contained in paragraph 44 of plaintiff's complaint.

45. Defendants ECC deny the allegations contained in paragraph 45 of plaintiff's complaint.

46. Defendants ECC deny the allegations contained in paragraph 46 of plaintiff's complaint.

FURTHER, AS A SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE THE FOLLOWING:

### **FIRST AFFIRMATIVE DEFENSE**

The complaint and each cause of action contained therein fails to state a cause of action against these answering defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by her failure to exhaust quasi judicial remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred in whole or in part by the exclusive remedy of workers' compensation.

## FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages against the individual defendants is unconstitutional pursuant to the due process clause of the United States and California Constitutions.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint under the Fair Employment & Housing Act is barred to the extent that she did not file a complaint with the California Department of Fair Employment & Housing and/or receive a right to sue letter as to the specific acts of harassment, retaliation and/or discrimination sued upon.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action under the Fair Employment & Housing Act are barred to the extent that any action occurred more than one year prior to plaintiff filing a complaint with the California Department of Fair Employment & Housing.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them are barred, in whole or in part, by the doctrine of latches in that, inter alia, plaintiff unreasonably delayed in bringing these claims after having knowledge of the purported injuries alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action and each of them are barred, in whole or in part, by the doctrine of estoppel in that inter alia, plaintiff unreasonably delayed in bringing these claims after having knowledge of the purported injuries alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them, are barred, in whole or in part by the doctrine of unclean hands in that, inter alia, plaintiff unreasonably delayed in bringing these claims after having knowledge of the purported injuries alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by plaintiff's failure to exhaust her administrative and internal remedies, including, but not limited to, the administrative remedies provided by California Government Code §§12960, et. seq. and defendants' internal company policies.

### THIRTEENTH AFFIRMATIVE DEFENSE

With respect to plaintiff's causes of action and each of them, any and all acts alleged to have been performed by defendants, if performed at all, were privileged.

### FOURTEENTH AFFIRMATIVE DEFENSE

With respect to plaintiff's causes of action, and each of them, any and all of the acts alleged to have been performed by defendants, if performed at all, were performed in good faith, in accordance with "business necessity" and for legitimate non-discriminatory reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

These answering defendants deny that plaintiff has suffered any injury and deny that plaintiff is entitled to recover the damages alleged in the Complaint. Any such injuries or damages were ultimately caused or aggravated by her own actions or those of third parties. Therefore, plaintiff's recovery, if any, should be reduced in proportion to the percentage of her or any third parties' negligence, fault or comparative bad faith.

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

1322360.1 33070-00022

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were a direct and proximate result of plaintiff's failure to perform her duties utilizing ordinary care and diligence thereof, and in derogation of plaintiff's statutory obligations. Cal. Lab. Code Section 2854.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint and each alleged cause of action contained therein are barred because plaintiff failed to substantially comply with all directions of her employer concerning the services upon which she was engaged, and such obedience was neither impossible nor unlawful, and did not impose new and unreasonable burdens upon plaintiff. Cal. Lab. Code Section 2856.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint and each alleged cause of action contained therein are barred because any injury to plaintiff was not foreseeable.

### NINETEENTH AFFIRMATIVE DEFENSE

That the acts alleged to have been undertaken by these answering defendants were neither pervasive nor extensive.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has suffered no legally recognizable damages as a result of the matters alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint against these answering defendants is frivolous, unreasonable and without foundation, and therefore, defendants are entitled to recover attorneys' fees and costs expended in defending their action pursuant to California Government Code §12965(b) and Code of Civil Procedure §128.7.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

That plaintiff actively, voluntarily, deliberately, intentionally, consciously, and willfully elected to participate in any and all activities alleged in the complaint and as such, none of the acts alleged constitute unwelcome conduct toward plaintiff.

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

1322360.1 33070-00022

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to allege other affirmative defenses as they may arise during the course of discovery.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred on the grounds that the court lacks subject matter jurisdiction in that Plaintiff has failed to comply with the terms and provisions of the Arbitration Agreement mandating the submission of disputes of any nature to mandatory and binding arbitration. (A copy of the Arbitration Agreement is attached as Exhibit "A")

WHEREFORE, these answering defendants pray as follows:

(1) That plaintiff takes nothing by the Complaint on file herein;

(2) That defendants have judgment for its attorney's fees and cost of suit incurred;

(3) For such other further relief as the Court may deem just and proper.

Dated: May 31, 2006

GILBERT, KELLY, CROWLEY & JENNETT LLP

By: _____
TIMOTHY W. KENNA, P.C.
Attorneys for Defendants
ENVIRONMENTAL CHEMICAL
CORPORATION dba ECC REMEDIATION
SERVICES, ECC INTERNATIONAL,
collectively also known as "ECC"

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

1322360.1 33070-00022

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 1055 West Seventh Street, Suite 2000, Los Angeles, California 90017-2577. I am employed in the County of Los Angeles, State of California, where this service occurs. I am over the age of 18 and not a party to the within action.

On May 31, 2006, following ordinary business practice, I served a true copy of the within document(s) described as:

ANSWER TO COMPLAINT

on the interested parties in this action as stated on the attached mailing list.

[X] (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth on the attached mailing list, with fees for overnight delivery paid or provided for.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 30, 2006, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Jeannine D. Tillman | _(signature)_ |
|---|---|
| (Type or print name) | (Signature) |

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

1322360.1   33070-00022   SMM

**SERVICE LIST**

DAVID A. LEVY, ESQ.
MELISSA M. HOLMES
LAW OFFICES OF DAVID A. LEVY
800 AIRPORT BOULEVARD, SUITE 314
BURLINGAME, CALIFORNIA 94010

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

1322360.1   33070-00022   SMM