IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA DUNHAM,<br><br>            Plaintiff,<br><br>   v.<br><br>ENVIRONMENTAL CHEMICAL CORPORATION, ECC, ECC INTERNATIONAL, AND ECC REMEDIATION SERVICES (collectively referred to as "ECC") and DOES 1-20,<br><br>            Defendants.<br>_____/ | No. C 06-03389 JSW<br><br>**ORDER DENYING MOTION TO STAY ACTION PENDING APPEAL** |

This matter comes before the Court upon consideration of the motion to stay pending appeal filed by Environmental Chemical Corporation ("ECC "). Having considered the parties' pleadings, relevant legal authority, the record in this case and good cause appearing, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L. Rule 7-1(b). Accordingly, the hearing set for January 12, 2007 is HEREBY VACATED.

**ANALYSIS**

On August16, 2006, the Court denied ECC's motion to compel Plaintiff to arbitrate her claims. On September 8, 2006, ECC appealed that decision. On September 14, 2006, ECC filed an amended notice of appeal. On October 27, 2006, ECC moved to stay the proceedings in this Court pending appeal.

It is within this Court's discretion to determine whether it should stay these proceedings pending appeal. *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 & n.8 (9th Cir. 1990).

In the Ninth Circuit, "[t]he standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (setting forth four factors governing issuance of stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in proceeding; and (4) where the public interest lies"). The Ninth Circuit uses "two interrelated legal tests for the issuance of preliminary injunction." *Lopez*, 713 F.2d at 1435. Thus, a moving party may either show a "probability of success on the merits and the possibility of irreparable injury" or "demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

The central dispute between the parties, pertinent to the appeal, is whether Plaintiff's claims should be resolved in the judicial forum or the arbitral forum. Having considered the parties' arguments, and in light of the sliding scale used by the Ninth Circuit in evaluating whether stays should be granted, the Court finds that ECC has failed to demonstrate that the balance of hardships tips sharply in its favor or that serious legal questions are presented. Accordingly, exercising its discretion, the Court DENIES ECC's motion.

**IT IS SO ORDERED.**

Dated: January 4, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2