Jeffrey M. Tanenbaum, (State Bar No. 897897)
Rosalyn P. Mitchell (State Bar No. 173829)
David A. Kolek (State Bar No. 245330)
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Defendants
ENVIRONMENTAL CHEMICAL CORPORATION DBA
ECC, ECC, ECC REMEDIATION SERVICES, and ECC
INTERNATIONAL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO BRANCH

| | |
|---|---|
| RITA DUNHAM,<br><br>                Plaintiff,<br><br>vs.<br><br>ENVIRONMENTAL CHEMICAL CORPORATION, ECC, ECC INTERNATIONAL, AND ECC REMEDIATION SERVICES and DOES 1-20,<br><br>                Defendants. | Case No. C06-003389 JCS<br><br>**STIPULATION TO FILE FIRST AMENDED ANSWER ENVIRONMENTAL CHEMICAL CORPORATION, ECC, ECC INTERNATIONAL, AND ECC REMEDIATION SERVICES AND ORDER THEREON**<br><br>The Honorable Magistrate Joseph C. Spero |

      IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Defendants ENVIRONMENTAL CHEMICAL CORPORATION, ECC, ECC INTERNATIONAL, AND ECC REMEDIATION SERVICES (hereinafter collectively referred to as "ECC") may file a First Amended Answer to the Complaint, attached hereto as Exhibit A.

      IT IS SO STIPULATED.

---

STIPULATION FOR FILING OF FIRST AMENDED ANSWER
(Case No. 06-cv-3389-JCS)

10637995.2

| | | |
|---|---|---|
| 1 | DATED: July, 5, 2007 | LAW OFFICES OF DAVID A. LEVY |
| 2 | | By: /s/ David A. Levy |
| 3 | | DAVID A. LEVY<br>Attorneys for Plaintiff RITA DUNHAM |
| 5 | DATED: July, 6, 2007 | NIXON PEABODY LLP |
| 8 | | By: /s/ Rosalyn Mitchell |
| 9 | | ROSALYN P. MITCHELL<br>Attorneys for Defendants ECC, et al. |

Pursuant to the stipulation by and between the parties hereto, Defendants ENVIRONMENTAL CHEMICAL CORPORATION, ECC, ECC INTERNATIONAL, AND ECC REMEDIATION SERVICES, may file a first amended answer to the Complaint.

IT IS SO ORDERED.

_____  Dated: July 23, 2007
HONORABLE JOSEPH C. SPERO
UNITED STATES MAGISTRATE
JUDGE

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — Judge Joseph C. Spero]

EXHIBIT A

Jeffrey M. Tanenbaum, (State Bar No. 897897)
Rosalyn P. Mitchell (State Bar No. 173829)
David A. Kolek (State Bar No. 245330)
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Defendants
ENVIRONMENTAL CHEMICAL CORPORATION DBA
ECC, ECC, ECC REMEDIATION SERVICES, and ECC
INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO BRANCH

| | |
|---|---|
| RITA DUNHAM,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ENVIRONMENTAL CHEMICAL CORPORATION, ECC, ECC INTERNATIONAL, AND ECC REMEDIATION SERVICES and DOES 1-20,<br><br>　　　　　　　Defendants. | Case No. C06-003389 JCS<br><br>**FIRST AMENDED ANSWER TO COMPLAINT** |

COMES NOW, defendants ENVIRONMENTAL CHEMICAL CORPORATION dba ECC REMEDIATION SERVICES, ECC INTERNATIONAL, collectively also known as "ECC" (hereinafter referred to collectively as "ECC") and answering the complaint of RITA DUNHAM for themselves alone, respond as follows:

　　1.　Defendants ECC admit the allegations contained in paragraph 1 of plaintiff's complaint.

　　2.　Defendants ECC admit the allegations contained in paragraph 2 of plaintiff's complaint.

3. Defendants ECC deny the allegations contained in paragraph 3 of plaintiff's complaint.

4. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint and on that basis deny each and every allegation contained therein.

5. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first two (2) sentences of paragraph 5 of plaintiff's complaint and on that basis deny each and every allegation contained therein. Defendants ECC admit the allegations contained in the third sentence of paragraph 5 of plaintiff's complaint. Defendants ECC admit that plaintiff became employed with ECC; however, denies the allegation of the fourth sentence of paragraph 5 of plaintiff's complaint which alleges that plaintiff was employed through defendants ECC's Burlingame Office.

6. Defendants ECC admit the first sentence of paragraph 6 of plaintiff's complaint. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the balance of paragraph 6 of plaintiff's complaint and on that basis deny each and every allegation contained therein.

7. Defendants ECC deny the allegations of paragraph 7 of plaintiff's complaint.

8. Defendants ECC deny the allegations of paragraph 8 of plaintiff's complaint.

9. Defendants ECC deny the allegations of paragraph 9 of plaintiff's complaint.

10. Defendants ECC deny the allegations of paragraph 10 of plaintiff's complaint.

11. Defendants ECC deny the allegations of paragraph 11 of plaintiff's complaint.

12. Defendants ECC deny the allegations of paragraph 12 of plaintiff's complaint.

13. Defendants ECC deny the allegations contained in the first sentence of paragraph 13 of plaintiff's complaint. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in sentences two, three, four, five and six of paragraph 13 of plaintiff's complaint. Defendants ECC deny the allegations contained in the seventh and eighth sentences of paragraph 13 of plaintiff's complaint. Defendants ECC are without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in the ninth and tenth sentences of paragraph 13 of plaintiff's complaint. Defendants deny the allegations of the eleventh sentence of paragraph 13 of plaintiff's complaint.

14. Defendants ECC deny the allegations contained in the first, fifth, sixth, seventh and eighth sentences of paragraph 14 of plaintiff's complaint. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second, third, and fourth sentences of paragraph 14 of plaintiff's complaint and on that basis deny each and every allegation contained therein.

15. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, second and third sentences of paragraph 15 of plaintiff's complaint and on that basis deny each and every allegation contained therein. Defendants ECC deny the allegations of the fourth sentence of paragraph 15 of plaintiff's complaint.

16. Defendants ECC admit the allegations of the first sentence of paragraph 16 of plaintiff's complaint, but qualify that McFerrin told plaintiff on April 5, 2005, not April 7, 2005, that he would be conducting an investigation. Defendants deny the allegations contained in the second sentence of paragraph 16 of plaintiff's complaint. Defendants ECC deny the allegations contained in the third sentence of paragraph 16 of plaintiff's complaint. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the balance of paragraph 15 of plaintiff's complaint and on that basis deny each and every allegation contained therein.

17. Defendants ECC deny the allegations of paragraph 17 of the plaintiff's complaint.

18. Defendants ECC deny the allegations of paragraph 18 of the plaintiff's complaint.

19. Defendants ECC deny the allegations of paragraph 19 of the plaintiff's complaint.

20. Defendants ECC are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the plaintiff's complaint and on that basis deny each and every allegation contained therein.

FIRST AMENDED ANSWER TO COMPLAINT
Case No. 06-cv-3389-JCS
-3-
10634743.1

21. Defendants ECC deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. Defendants ECC admit the allegations contained in paragraph 22 of the plaintiff's complaint.

23. Defendants ECC deny the allegations contained in paragraph 23 of plaintiff's complaint.

24. Defendants ECC admit that plaintiff is a female and as such a member of a protected class; however, deny the balance of the allegations contained in paragraph 24 of plaintiff's complaint.

25. Defendants ECC deny the allegations contained in paragraph 25 of plaintiff's complaint.

26. Defendants ECC deny the allegations contained in paragraph 26 of plaintiff's complaint.

27. Defendants ECC deny the allegations contained in paragraph 27 of plaintiff's complaint.

28. Defendants ECC deny the allegations contained in paragraph 28 of plaintiff's complaint.

29. Defendants ECC deny the allegations contained in paragraph 29 of plaintiff's complaint.

30. Defendants ECC deny the allegations contained in paragraph 30 of plaintiff's complaint.

31. Defendants ECC deny the allegations contained in paragraph 31 of plaintiff's complaint.

32. Defendants ECC deny the allegations contained in paragraph 32 of plaintiff's complaint.

33. Defendants ECC deny the allegations contained in paragraph 33 of plaintiff's complaint.

34. Defendants ECC deny the allegations contained in paragraph 34 of plaintiff's complaint.

35. Defendants ECC deny the allegations contained in paragraph 35 of plaintiff's complaint.

36. Defendants ECC deny the allegations contained in paragraph 36 of plaintiff's complaint.

37. Defendants ECC deny the allegations contained in paragraph 37 of plaintiff's complaint.

38. Defendants ECC admit that plaintiff was an employee of ECC; however deny the balance of the allegations contained in paragraph 38 of plaintiff's complaint.

39. Defendants ECC deny the allegations contained in paragraph 39 of plaintiff's complaint.

40. Defendants ECC deny the allegations contained in paragraph 40 of plaintiff's complaint.

41. Defendants ECC deny the allegations contained in paragraph 41 of plaintiff's complaint.

42. Defendants ECC deny the allegations contained in paragraph 42 of plaintiff's complaint.

43. Defendants ECC deny the allegations contained in paragraph 43 of plaintiff's complaint.

44. Defendants ECC deny the allegations contained in paragraph 44 of plaintiff's complaint.

45. Defendants ECC deny the allegations contained in paragraph 45 of plaintiff's complaint.

46. Defendants ECC deny the allegations contained in paragraph 46 of plaintiff's complaint.

FURTHER, AS A SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE THE FOLLOWING:

### FIRST AFFIRMATIVE DEFENSE

The complaint and each cause of action contained therein fails to state a cause of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by her failure to exhaust quasi judicial remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the exclusive remedy of workers' compensation.

### FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages against the individual defendants is unconstitutional pursuant to the due process clause of the United States and California Constitutions.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint under the Fair Employment & Housing Act is barred to the extent that she did not file a complaint with the California Department of Fair Employment & Housing and/or receive a right to sue letter as to the specific acts of harassment, retaliation and/or discrimination sued upon.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action under the Fair Employment & Housing Act are barred to the extent that any action occurred more than one year prior to plaintiff filing a complaint with the California Department of Fair Employment & Housing.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them are barred, in whole or in part, by the doctrine of laches in that, *inter alia*, plaintiff unreasonably delayed in bringing these claims after having knowledge of the purported injuries alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action and each of them are barred, in whole or in part, by the doctrine of estoppel in that *inter alia*, plaintiff unreasonably delayed in bringing these claims after having knowledge of the purported injuries alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of unclean hands in that, *inter alia*, plaintiff unreasonably delayed in bringing these claims after having knowledge of the purported injuries alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by plaintiff's failure to exhaust her administrative and internal remedies, including, but not limited to, the administrative remedies provided by California Government Code §§12960, *et. seq.* and defendants' internal company policies.

### THIRTEENTH AFFIRMATIVE DEFENSE

With respect to plaintiff's causes of action and each of them, any and all acts alleged to have been performed by defendants, if performed at all, were privileged.

### FOURTEENTH AFFIRMATIVE DEFENSE

With respect to plaintiff's causes of action, and each of them, any and all of the acts alleged to have been performed by defendants, if performed at all, were performed in good faith, in accordance with "business necessity" and for legitimate non-discriminatory reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

These answering defendants deny that plaintiff has suffered any injury and deny that plaintiff is entitled to recover the damages alleged in the Complaint. Any such injuries or damages were ultimately caused or aggravated by her own actions or those of third parties. Therefore, plaintiff's

recovery, if any, should be reduced in proportion to the percentage of her or any third parties' negligence, fault or comparative bad faith.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were a direct and proximate result of plaintiff's failure to perform her duties utilizing ordinary care and diligence thereof, and in derogation of plaintiff's statutory obligations. Cal. Lab. Code Section 2854.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint and each alleged cause of action contained therein are barred because plaintiff failed to substantially comply with all directions of her employer concerning the services upon which she was engaged, and such obedience was neither impossible nor unlawful, and did not impose new and unreasonable burdens upon plaintiff. Cal. Lab. Code Section 2856.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint and each alleged cause of action contained therein are barred because any injury to plaintiff was not foreseeable.

### NINETEENTH AFFIRMATIVE DEFENSE

That the acts alleged to have been undertaken by these answering defendants were neither pervasive nor extensive.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has suffered no legally recognizable damages as a result of the matters alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint against these answering defendants is frivolous, unreasonable and without foundation, and therefore, defendants are entitled to recover attorneys' fees and costs expended in defending their action pursuant to California Government Code §12965(b) and Code of Civil Procedure §128.7.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

That plaintiff actively, voluntarily, deliberately, intentionally, consciously, and willfully elected to participate in any and all activities alleged in the complaint and as such, none of the acts alleged constitute unwelcome conduct toward plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to allege other affirmative defenses as they may arise during the course of discovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred on the grounds that the court lacks subject matter jurisdiction in that Plaintiff has failed to comply with the terms and provisions of the Arbitration Agreement mandating the submission of disputes of any nature to mandatory and binding arbitration. (A copy of the Arbitration Agreement is attached as Exhibit "A").

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action under the California Fair Employment Housing Act is barred to the extent that it and such claims arise from Plaintiff's employment outside the State of California. Plaintiff is a non resident of California. (*Campbell v. ARCO Marine, Inc.* (1996) 42 Cal. App. 4th 1850).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action under the Fair Labor Standards Act is barred to the extent that Plaintiff's "services during the work week [were] performed in a workplace within a foreign country." (29 U.S.C. 213(f)).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action for unpaid wages under California Labor Code §§203, 510 *et seq.*, and 8 Cal. Code Regs. § 11010 *et seq.* is barred to the extent that Plaintiff's claims arise from her employment performed outside of the boundaries of California, to which California wage and hour regulations do not apply. (*Tidewater Marine W. v. Bradshaw* (1996) 14 Cal. 4th 557).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action for unpaid wages under California Labor Code §§203, 510 *et seq.*, and 8 Cal. Code Regs. § 11010 *et seq.* is barred to the extent that Plaintiff's claims arise from work performed on a government controlled army depot in a foreign country.

WHEREFORE, these answering defendants pray as follows:

(1) That plaintiff takes nothing by the Complaint on file herein;

(2) That defendants have judgment for its attorney's fees and cost of suit incurred;

(3) For such other further relief as the Court may deem just and proper.

Dated: July 6, 2007

NIXON PEABODY LLP

By: *Rosalyn Mitchell*
ROSALYN P. MITCHELL
Attorneys for Defendant
ENVIRONMENTAL CHEMICAL
CORPORATION DBA ECC, ECC, ECC
REMEDIATION SERVICES, and ECC
INTERNATIONAL